IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EVA ONIKE MACRAE A72 379 115 * |  |
|            Petitioner, |  |
|                                     * |  |
| v. | CIVIL ACTION NO. RDB-07-1379 |
|                                     * |  |
| ALBERTO R. GONZALES, et al. |  |
|            Respondents.        * |  |
|                                 ***  |  |

**<u>MEMORANDUM</u>**

On May 24, 2007, the Court received for filing a *pro se* 28 U.S.C. § 2241 Petition for habeas corpus relief from Eva Onike Macrae, a detainee at the Wicomico County Detention Center in Salisbury, Maryland, which seeks to compel the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") to release her from its post-removal order custody. (Paper No. 1). Petitioner is subject to a final order of removal and does not challenge that order in this Petition. (*Id.*). Respondents have filed a Preliminary Response and Notice of Intent to Remove. (Paper No. 2).

Petitioner is a native of Sierra Leone. She states that she arrived in the United States on September 16, 1991. Her application for political asylum and withholding of removal was denied and she was ordered removed by the Immigration Court in Baltimore, Maryland on November 7, 1994.[1] She claims that she was granted temporary protective status as a native and citizen of Sierra Leone in 1997, but the protection ended on or about May 4, 2004.

---

[1] In their Preliminary Response, Respondents note that Petitioner was admitted to the United States as a non-immigrant for pleasure, with authorization to remain until December 15, 1991. (Paper No. 2). They claim that when she did not depart within the time allowed, she was placed in deportation proceedings. (*Id.*). Further, Respondents state that on November 7, 1994, after Petitioner withdrew her applications for asylum and withholding of deportation, the Immigration Court granted her the privilege of voluntarily departing from the United States on or before July 7, 1995, with an alternative deportation order to Sierra Leone should she fail to depart by that date. (*Id.*).

Petitioner claims that she has remained in ICE custody since June 23, 2006, and ICE has been unable to remove her to Sierra Leone because of difficulties in obtaining travel documents. She states that she has cooperated fully with all efforts by ICE to remove her and ICE decided to continue her detention despite her ties to the community, the absence of a criminal history, and the fact that she does not appear to be a flight risk or a danger to the community.

Petitioner raises statutory and due process challenges under 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001),[2] claiming that the six-month presumptively-reasonable period for removal has expired and her removal "to [Sierra Leone] or any other country is not significantly likely to occur in the reasonably foreseeable future." She seeks immediate release from confinement.

Respondents indicate that they are in possession of a current travel document for Petitioner and intend to remove her from the United States pursuant to her final removal order on or after June 18, 2007. (Paper No. 2). In light of this information, it appears that Petitioner's removal is imminent and her habeas challenge to her post-order detention under § 1231(a)(6) and *Zadvydas* has been rendered moot.

---

[2] Title 8 U.S.C. §1231(a)(6) authorizes the Attorney General to either release or continue to detain the alien. Section 1231(a)(6) provides that an alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(c), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

In *Zadvydas*, the Supreme Court held that post-removal-order detention under § 1231(a)(6) does not authorize the Attorney General to detain an alien indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas,* 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. After six months of post-removal-order detention, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.*" Id..* at 700. If the Government response fails, the petitioner may be entitled to release from detention. *Id*.

Accordingly, this case shall be administratively closed. Respondents shall be directed to file a report, with documentation, on or before July 9, 2007, detailing Petitioner's removal status.[3] A separate Order follows.

Date: June 5, 2007                                         /s/
                                                           RICHARD D. BENNETT
                                                           UNITED STATES DISTRICT JUDGE

---

[3] Petitioner seeks a stay of her removal pending disposition of this case, the issuance of travel documents, and/or pending disposition of a motion to reopen in the Board of Immigration Appeals ("BIA"). (Paper No. 1). The Petition makes no reference to any prior case filed before the BIA  In any event, the undersigned's examination of the Petition is limited to those issues raised before this Court, namely, whether Petitioner's continued ICE detention violates federal statute and due process. As her removal is imminent, her claims have been rendered moot. Therefore, the Court shall not stay her removal.